**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

OUSMAN JABBI                                          :
    Petitioner                                     :

v                                                             :             Civil Action No. AW-05-1622

STEVEN R. WILLIAMS                            :
    Respondent                                 :
                                                        o0o

**<u>MEMORANDUM</u>**

      The above-captioned petition for writ of habeas corpus was filed on June 15, 2005.  Petitioner

is confined to the Dorchester County Detention Center in the custody of United States Immigration and

Customs Enforcement (ICE),  pursuant to a final order of removal from this country.  Pursuant to this

Court's Order of June 23, 2005, Respondent has filed an answer, seeking dismissal of the petition.

Paper No. 4.  Upon review of the papers filed, this Court finds that a hearing in this matter is

unnecessary.    For the reasons that follow, the petition for writ of habeas corpus shall be dismissed.

      Petitioner is a native and citizen of Gambia[1] who attempted to enter this country on August 25,

2004, using a fraudulent French passport.  Petitioner was denied admission and subsequently convicted

of violating 18 U.S.C. § 1543 in the United States District Court for the Eastern District of New York.

Paper No. 4 at Ex. A.  On December 10, 2004, Petitioner was taken into ICE custody, where he

remains.

---

[1] Petitioner claims he is a citizen of Gambia in his petition. Paper No. 1 at p. 8.  Respondent asserts that Petitioner claims to be a citizen of the Congo and a resident of France, but that his parents are citizens of Gambia.  Paper No. 4 at p. 2.

On May 10, 2005, the Embassy of Gambia issued a travel document recognizing Petitioner as a Gambian citizen and authorizing his repatriation to that country.  Paper No. 4 at Ex. B.   Currently Petitioner is scheduled to be removed from the United States on August 3, 2005.  *Id*. at p. 2.

Petitioner challenges his continued confinement pending removal.  The decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001) governs the issue of whether an alien's detention pending removal is constitutional.  In  *Zadvydas*, the Supreme Court held that post-removal order detention under 8 U.S.C. § 1231(a) is implicitly limited to a period reasonably necessary to bring about the alien's removal from the United States and does not permit indefinite detention.  In sum, the Supreme Court found that after an order of deportation became final, an alien may be held for a six month period. After this period:

> "[o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.  This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

*Zadvydas*, 533 U.S. at 700.  Based on the evidence submitted by Respondent, this court finds that

2

Petitioner's removal is imminent and that his continued confinement does not run afoul of the holding in

*Zadvydas*.  Accordingly, by separate Order the Petition for Writ of Habeas Corpus will be dismissed.[2]


<u>August 4, 2005</u>                              _____/s/_____
Date                                            Alexander Williams, Jr.
                                                United States District Judge

_____

[2]Counsel for Respondent will be directed to file a status report within 30 days of the date of the Order indicating whether deporation has occurred or explaining reasons for any delay that has occurred.